IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| DOMINGO ADAME-NAJERA, | : | CIVIL ACTION NO. |
| BOP Reg # 61078-019, | : | 2:13-CV-127-RWS-JCF |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:10-CR-10-RWS-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate his federal convictions and 168-month term of imprisonment upon the entry of his guilty plea. (Doc. 150). Because Movant entered into a valid and enforceable plea agreement and appeal waiver, **IT IS RECOMMENDED** that his § 2255 motion be **DENIED**.

**I.   Procedural History**

On March 2, 2010, a grand jury sitting in the Northern District of Georgia charged Movant with the following crimes: conspiring to possess methamphetamine with the intent to distribute (count one); being an alien illegally in the United States and in possession of three firearms (counts two and three); possessing heroin and methamphetamine with the intent to distribute (counts four and six); and possessing a firearm in furtherance of these two drug trafficking crimes (counts five and seven).

(Doc. 1 at 1-4).

On July 1, 2011, Movant entered into a written plea agreement. (Doc. 88-1). He pled guilty to counts one and two of the indictment. (Docs. 88, 142). His Guilty Plea and Plea Agreement included a Limited Waiver of Appeal:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and *the right to collaterally attack his conviction and sentence in any postconviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255)* on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Doc. 88-1 at 11 (emphasis added)). Movant signed the Guilty Plea and Plea Agreement (*id.* at 14), and he also signed the following addendum:

> I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. *I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction*

2

> *proceeding.* No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. *I am fully satisfied with the representation provided to me by my attorney in this case.*

(*Id.* at 15 (emphasis added)).

At his plea hearing, Movant acknowledged that he understood the trial rights he was forfeiting by pleading guilty (Doc. 142 at 6-9); had received no threats or promises inducing him to plead guilty other than those outlined in the plea agreement (*id.* at 13); understood the elements of the crimes to which he was pleading guilty and what the government would have to prove to convict him (*id.* at 14-15); had committed those crimes (*id.* at 16-19)[1]; understood that the penalty range for his drug trafficking crime was 5 to 40 years' imprisonment and that this Court would not be bound either by the government's sentencing recommendations or by the sentencing guidelines themselves (*id.* at 12-13, 20-22); understood the effect of his appeal waiver and the appeal rights he was giving up (*id.* at 22-23); and was satisfied with his counsel's representation (*id.* at 25-26). The Court accepted Movant's guilty plea as "knowing and voluntary" and

---

[1]In response to direct questioning from this Court, Movant admitted the following facts in support of his two crimes of conviction: (1) he sold in excess of five grams of methamphetamine to an undercover agent; (2) he sold three firearms to that same agent; and (3) he was in the country illegally when he did so. (Doc. 142 at 19; *see id.* at 16-17).

3

"freely and voluntarily given." (*Id.* at 26-27).  The Court sentenced Movant on count one to a 168-month term of imprisonment, at the low end of his sentencing guideline range of 168 to 210 months, and on count two to a concurrent 60-month term of imprisonment.  (Doc. 127 at 25, 33; *see* Doc. 120).

Movant's counsel filed a notice of appeal, (Doc. 122), but the Eleventh Circuit ultimately dismissed the appeal upon the government's "motion . . . pursuant to the appeal waiver in [Movant's] plea agreement." (Doc. 143 at 1 (noting Eleventh Circuit precedent that a "sentence appeal waiver will be enforced if it was made knowingly and voluntarily")).

In his § 2255 motion, Movant presents the following claims:

1. Counsel was ineffective in advising [Movant] to enter into a plea agreement that gave up his right to appeal and then fil[ing an] appeal immediately following his sentencing.

2. Counsel failed to present and review discovery with [Movant] in helping him make a knowing[] and intelligent decision in his case.

3. Counsel failed to present a valid argument based on the Government[']s breach of their agreement.

4. Counsel and [Movant] had a complete breakdown in communication causing prejudicial harm to [Movant].

5. Counsel failed to review the arguments presented to the Appellate Court prior to filing the brief.

4

6.  Counsel failed to review and argue the Guidelines causing [Movant] to face more time than necessary.

7.  Counsel placed [Movant] at greater risk and harm by his advice and this can be proven by factual information.

(Doc. 150 at 2).  Movant seeks a copy of his entire case file from his former counsel and an opportunity to pose written questions to counsel.  (*Id.* at 3-4; *see* Doc. 151 at 2-3).

## II. Discussion

### A. The Ineffective-Assistance Standard In The Guilty Plea Context.

> To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689. A defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

*Connolly v. United States*, No. 13-10774, 2014 U.S. App. LEXIS 10722, at *2-3 (11th Cir. June 10, 2014) (noting that " '[w]hen a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to

5

coercion by counsel' " (quoting *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984)), and affirming summary dismissal of § 2255 motion because appellant's "conclusory allegations of coercion by his attorney . . . failed to rebut the strong presumptions that [(1)] his attorney's advice fell within the range of reasonable professional conduct and [(2) his] sworn statements in his plea agreement and at his change-of-plea hearing were true").

> **B.  Movant's Plea And Appeal Waiver Are Valid And Enforceable, So His Ineffective Assistance Claims Attacking His Plea And Appeal Waiver Fail, And He Is Not Entitled To Discovery.**

"A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea." *United States v. Speight*, 454 Fed. Appx. 785, 787 (11th Cir. 2011). "It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* (internal quotations omitted).

6

Evidence that an accused entered his guilty plea knowingly and voluntarily includes "[s]olemn declarations in open court," which "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-75 (1977) (noting that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); *see Connolly*, 2014 U.S. App. LEXIS 10722, at *3 (" 'The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.' " (quoting *Blackledge*, 431 U.S. at 74)).

Five of Movant's claims—four claims challenging counsel's advice "to enter into a plea agreement that gave up [Movant's] right to appeal"; his failure to "present and review discovery with [Movant] in helping him make a knowing[] and intelligent decision"; his failure to present a valid argument regarding the government's alleged breach of the plea agreement[2]; and his advice that "placed [Movant] at greater risk and harm"; and a fifth claim alleging a "complete breakdown in communication" between Movant and counsel—arguably assert that Movant's guilty plea and appeal waiver

---

[2] Movant does not state the nature of the government's alleged breach, and the Court discerns none in the record.

7

were not knowing and voluntary. These claims fail, however, because Movant acknowledged in his plea agreement and at his plea hearing that he understood the rights he was giving up when he pled guilty and that he was voluntarily relinquishing those rights, including his right to appeal (*see* Doc. 142 at 6-9, 22-23); that he had not been coerced into pleading guilty; that he understood the evidence against him; that he was guilty of his crimes of conviction; and that he was satisfied with his counsel's performance (*see* Doc. 88-1 at 15; Doc. 142 at 13-19, 25-26).

It is apparent from Movant's guilty plea proceedings that his plea was knowing and voluntary and that his appeal waiver is valid and enforceable. *See Williams*, 396 F.3d at 1341; *Speight*, 454 Fed. Appx. at 787. Movant cannot overcome the strong presumption of veracity inherent in his solemn declarations before this Court, *see Blackledge*, 431 U.S. at 74, by presenting, as he has done, nothing more than threadbare and unsupported assertions that counsel's deficient performance with respect to his guilty plea somehow prejudiced him. Movant does not allege, for example, that he would have proceeded to trial had counsel's advice to him been different, and given the severity of the totality of the charges that he faced, it seems unlikely that he would have.

Movant is therefore also not entitled to discovery. The Court is hard-pressed to

8

imagine what that evidence might be, and Movant has not offered any help on this front. *See Richardson v. United States*, Nos. 09-22349, 04-CR-20705, 2011 U.S. Dist. LEXIS 74151, at *5-6 (S.D. Fla. July 11, 2011) (noting that "[a] movant is not entitled to discovery in a § 2255 proceeding as a matter of course" and that "no fishing expeditions [are] allowed for evidence to support potential new § 2255 claims," although Rule 6 of the Rules Governing Section 2255 Proceedings allows discovery "for good cause," i.e., "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief" (citations and internal quotations omitted)); *see also Isaacs v. Head*, 300 F.3d 1232, 1248-49 (11th Cir. 2002) (affirming denial of discovery and evidentiary hearing to habeas petitioner, and citing *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997), for definition of "good cause," as quoted above); *Lecroy v. United States*, No. 2:02-CR-38-RWS, 2009 U.S. Dist. LEXIS 30569, at *3-4 (N.D. Ga. Apr. 9, 2009) (denying discovery and evidentiary hearing to § 2255 movant who "failed to present the Court with a specific allegation or any reason to believe that with fully developed facts he [would] be able to demonstrate any improper conduct," and whose request for discovery and a hearing appeared "to be merely a fishing expedition").

9

### C. Movant's Valid And Enforceable Appeal Waiver Bars His Two Remaining Ineffective Assistance Claims.

"[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Williams*, 396 F.3d at 1342 & n.2 (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("An ineffective assistance of counsel argument survives a waiver of appeal *only when the claimed assistance directly affected the validity of that waiver or the plea itself*.") (emphasis added)).

Movant's remaining two ineffective-assistance claims—that counsel failed to review and argue the sentencing guidelines and to review the arguments presented to the appellate court—are not claims challenging the knowing and voluntary nature of Movant's plea and appeal waiver. These claims therefore fail because Movant knowingly and voluntarily waived his right to raise such claims via a § 2255 motion. *See White*, 307 F.3d at 343. In sum, Movant has not raised a viable claim for relief in his § 2255 motion.

### III. Certificate of Appealability

A § 2255 movant must obtain a certificate of appealability (COA) before

10

appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because there is no reasonable argument that Movant has set forth a meritorious claim in his § 2255 motion, a COA should not issue.

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DENY** Movant's 28 U.S.C. § 2255 motion (Doc. 150) and **DENY** Movant a certificate of

appealability.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 2nd day of September, 2014.

                                            /s/ *J. CLAY FULLER*
                                            J. CLAY FULLER
                                            United States Magistrate Judge