IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| DOMINGO ADAME-NAJERA, | : | CIVIL ACTION NO. |
| BOP Reg # 61078-019, | : | 2:13-CV-127-RWS |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:10-CR-10-RWS-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

**ORDER**

Movant, a federal prisoner, seeks relief in this Court via a 28 U.S.C. § 2255 motion to vacate his sentence ("Motion"). (Doc. 150). The Magistrate Judge's Final Report and Recommendation ("Report") recommends denying the Motion. (Doc. 157). Movant has filed a Reply, which the Court construes as his objections to the Report. (Doc. 162). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a *de novo* review of those portions of the Report to which Movant objects, and has reviewed the remainder of the Report for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Motion raises seven claims of ineffective assistance of counsel, five of which challenge Movant's guilty plea and appeal waiver as unknowing or involuntary. (Mot. at 2; *see* Report at 4-5, 7-8.). The Report concludes that these claims fail

> because Movant acknowledged in his plea agreement and at his plea hearing that he understood the rights he was giving up when he pled guilty and that he was voluntarily relinquishing those rights, including his right to appeal (*see* Doc. 142 at 6-9, 22-23); that he had not been coerced into pleading guilty; that he understood the evidence against him; that he was guilty of his crimes of conviction; and that he was satisfied with his counsel's performance (*see* Doc. 88-1 at 15; Doc. 142 at 13-19, 25-26).

(Report at 8).

Movant objects that he pled guilty based on "promises made by his counsel," which "failed to come to fruition." (Reply at 1). Movant does not provide any information about these alleged promises. Movant admits that he cannot say whether he would have proceeded to trial, but claims that his counsel "coerced him into signing a plea agreement based on false promises." (*Id.*). He notes that he has never reviewed the discovery in his case and thus "has no idea what he faces [and] no idea of the consequences of going to trial versus taking a plea." (*Id.*). Movant contends that "he has provided the details of what he was told by counsel and the affect [sic] that it had on him." (*Id.* at 2). He does not specify these details.

Movant's objections are not well-taken. It is undisputed in the record that Movant acknowledged at his plea hearing that he had not been coerced into pleading guilty and that he was entering a guilty plea because he was in fact guilty of his crimes

2

of conviction. (*See* Report at 8). Movant's arguments and objections to the contrary do not overcome his own prior solemn declarations under oath before this Court.[1]

Movant also objects to the Report's recommendation that his remaining two § 2255 claims, alleging ineffective assistance of counsel with respect to his sentencing and direct appeal,[2] "are barred from consideration due to his waiver of appeal rights." (Reply at 2; *see* Report at 10). Movant argues that when a defense counsel advises his client to accept an appeal waiver, "an inherent conflict of interest" is created. (Reply at 2; *see id.* at 3). The Court is unaware that either the Supreme Court of the United States or the United States Court of Appeals for the Eleventh Circuit has ever adopted such a position. (*See* Report at 6 (quoting *Williams v. United States*, 396 F.3d 1340,

---

[1] *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (noting that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); *see also Connolly v. United States*, 568 Fed. Appx. 770, 771 (11th Cir. 2014) ("[B]ecause '[s]olemn declarations in open court carry a strong presumption of verity[, t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.' " (quoting *Blackledge*, 431 U.S. at 74)), *see id.* at 770-71 (affirming denial of § 2255 motion claiming "ineffective assistance of counsel when [Movant's] trial counsel allegedly forced him to enter a guilty plea").

[2] (*See* Mot. at 2 ("Counsel failed to review the arguments presented to the Appellate Court prior to filing the brief. Counsel failed to review·and argue the Guidelines causing the defendant to face more time than necessary.")).

3

1341 (11th Cir. 2005) ("It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."))). Movant's objection in this regard is overruled.

Finally, Movant objects that "Attorney General Eric Holder [] on October 14, 2014 directed his prosecutors not to enforce collateral attack waivers in existing plea agreements." (Reply at 3). On that date the Department of Justice issued a Memorandum For All Federal Prosecutors, instructing them that "[f]or cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve." Memorandum, James M. Cole, Deputy Attorney General, Oct. 14, 2014. *See* http://pdfserver.amlaw.com/nlj/DOJ_Ineffective_Assistance_Counsel.pdf. (last visited Dec. 1, 2014). But Movant has failed to allege, and the Court does not discern, how "defense counsel rendered ineffective assistance resulting in prejudice" or how either of his remaining two claims "raises a serious debatable issue that a court should resolve." *See id.* Movant's final objection is also overruled.

The Court finds no error, plain or otherwise, in the Report. The Court **OVERRULES** Movant's objections to the Report (Doc. 162); **ADOPTS** the

4

Magistrate Judge's Final Report and Recommendation (Doc. 157) as the Order of this Court; **DENIES** Movant's motion to vacate his sentence (Doc. 150); and **DENIES** Movant a certificate of appealability.

    **SO ORDERED** this  2nd  day of December, 2014.

*/s/ Richard W. Story*
**RICHARD W. STORY**
United States District Judge